**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00061-CR**
_____

**JACK HERBERT THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 23-05-06211

**MEMORANDUM OPINION**

Jack Herbert Thomas appeals his conviction for unlawful possession of a firearm by a felon, a third-degree felony.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Thomas in his appeal. The attorney discharged his responsibilities to Thomas by filing an *Anders* brief.[2]

---

[1]*See* Tex. Penal Code Ann. § 46.04(e).
[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).

1

In the brief, Thomas's attorney represents there are no arguable reversible errors to be addressed in Thomas's appeal.[3] The brief the attorney filed contains a professional evaluation of the record. In the brief, Thomas's attorney explains why, under the record in Thomas's case, no arguable issues exist to reverse the trial court's judgment.[4] Thomas's attorney also represents that he sent Thomas a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Thomas, by letter, that he could file a pro se brief or response with the Court on or before August 27, 2025. Thomas filed a pro se brief on September 9, 2025.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] After reviewing the clerk's record, the reporter's record, the attorney's brief, and the pro se brief, we agree there are no arguable grounds to support the appeal.[6] Thus, it

---

[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978) (generally).
[4]*See Anders*, 368 U.S. at 744.
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).
[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

follows the appeal is frivolous.[7] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[8]

The trial court's judgment is affirmed.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on October 31, 2025
Opinion Delivered November 12, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

[7]*Id*. at 826-27.
[8]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Thomas may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.